IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

ONE CALL LOCATORS, LTD. and ELM )
ONE CALL LOCATORS, INC. )
                                             )
   Plaintiffs,                                )     Case No.:
                                             )
v.                                                 )
JEANETTE COURCHENE, An Individual, and )
THE STANDARD INSURANCE COMPANY, )
   Defendants.                              )

## COMPLAINT

NOW COMES Plaintiffs ELM One Call locators, Inc. and One Call Locators, Ltd. d/b/a ELM Locating & Utility Services, by and through their attorneys, and for its Complaint alleges as follows:

### PARTIES

1.    Plaintiff ELM One Call locators, Inc. ("One Call Locators") is organized and existing under the laws of the State of Illinois, maintains a principal place of business at 60 State Street, Suite 201, Peoria, Illinois 61602, and does business within this Judicial District.

2.    Plaintiff One Call Locators, Ltd. d/b/a ELM Locating & Utility Services, ("ELM") is organized and existing under the laws of the State of Montana, is an operating company wholly owned by One Call Locators and maintains a principal place of business at 60 State Street, Suite 201, Peoria, Illinois 61602, and does business within this Judicial District.

3. Defendant Jeanette Courchene ("Defendant") is an individual and citizen of Williams County, in the State of North Dakota and resides therein at 430 8th Ave Williston, ND 5880.

4. Defendant The Standard Insurance Company ("The Standard")(collectively with Defendant Courchene referred to as "Defendants") is organized and existing under the laws of the State of Oregon, and maintains a principal place of business at 1100 Southwest 6th Avenue, Portland, Oregon, and does business within this Judicial District. The Standard is also the marketing name for Standard Insurance Company which is licensed in Illinois.

## NATURE OF THE CASE

5. This is a Declaratory Judgment Action relating to Defendant Courchene's allegations that Plaintiffs violated the Employment and Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et. seq., ("ERISA").

6. The Standard offered a Group Basic Life and Accidental Death and Dismemberment Plan (Group policy #164889, with an effective date of January 1, 2019) and which was sponsored by ELM (the "Plan"). (Exhibit A, hereto).

7. Kevin Werkmeister, a former ELM employee, was for many years a participant in the Plan with a claimed death benefit of $82,500.

8. Mr. Werkmeister died on November 29 2019.

9. Courchene, as Mr. Werkmeister's beneficiary, filed to recover benefits she believes are due to her under the Plan. (Exhibit B, hereto)

10. Courchene has threatened Plaintiffs with litigation to recover benefits she believes are due to her under Plan and for which she filed a Life Insurance Benefits Application. (Exhibit C, hereto).

11. This Declaratory Judgment complaint addresses the Defendants' challenge of the handling and subsequent denial of Defendant's claim for Mr. Werkmeister's death benefit.

12. This is also a breach of contract action related to The Standard's denial of Courchene's claim for Mr. Werkmeister's death benefit.

## JURISDICTION AND VENUE

13. This court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) in that ELM and One Call Locators are citizens of different states from Defendant Courchene and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14. This Court has subject matter jurisdiction over the matter pursuant to both 28 U.S.C. § 1331, because the action arises under the laws of the United States, and 29 U.S.C. § 1132(e)(l), because Defendant Courchene seeks to enforce rights under ERISA.

15. ERISA provides for nationwide service of process. ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2). Defendant Courchene is a resident of the United States and/or subject to service in the United States and this Court therefore has personal jurisdiction over her.

16. This Court has personal jurisdiction over Defendant, as The Standard is licensed to do business in Illinois.

17. Venue is proper in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132( e )(2), because some of the conduct and/or omissions for which relief is sought occurred in this district and venue is further proper as Defendant, The Standard, is licensed to do business in this State.

18. Venue is also proper in the Tenth Judicial Circuit because Plaintiffs' conduct business in this State, and the events giving rise to the causes of action occurred or had an impact on ELM and One Call Locators here in Illinois.

## FACTUAL BACKGROUND

19. ELM is in the business of locating underground utilities, an activity that is, for public safety reasons, regulated by law. Any party that intends to dig must first call 811 and request that underground utility lines in the area be identified or "marked."

20. ELM, working out of Illinois, contracts with utility companies in over 15 states to perform the service of marking its utility lines.

21. ELM locates underground utilities and is governed by "bluestake" laws that govern when a person or company party that intends to dig the ground at their premises. They must first call 811 and request that underground utility lines in the area be identified or "marked".

22. Upon receiving a dig request, Bluestake generates a locate ticket or a "bluestake ticket" that is sent to utility companies having underground utility lines in the area of the dig.

23. Mr. Werkmeister was a locate technician for ELM in North Dakota. His responsibilities included properly marking utility lines (by placing paint, flags and/or other markers on the ground) within time frame specified by law.

24. Mr. Werkmeister resided at 430 8th Ave Williston, North Dakota.

25. The Standard provided the Life Insurance plan offered to ELM employees (Group policy #164889, with an effective date of January 1, 2019) and which was sponsored by ELM (the "Plan") and which promised to pay a benefit in the event of an eligible member's covered death. (Exhibit A, hereto)

26. The Plan required that an active seasonal employee, such as Mr. Werkmeister, had to average 30 hours per week over a 12-month period to qualify. (Exhibit A, hereto).

27. Mr. Werkmeister's premiums were paid in 2019, until his death on November 29th, 2019.

28. Some of Mr. Werkmeister's premiums, approximately 2 months' worth, were paid by ELM.

29. Defendant Courchene filed for Mr. Werkmeister's Life Insurance benefits. (Exhibit B, hereto).

30. The Standard determined that Mr. Werkmeister did not work the requisite 30 hours per week in 2019 and that he did not qualify as a "Member" of the Plan.

31. ELM was not involved in The Standard's determination that Mr. Werkmeister did not work the requisite 30 hours per week in 2019 and that he did not qualify as a "Member" of the Plan.

32. ELM did not have a fiduciary duty to Mr. Werkmeister or his beneficiary in regard to the Plan.

33. ELM did not give Mr. Werkmeister or his beneficiary reason to detrimentally rely on ELM as to whether he qualified as a Member of the Plan or was somehow otherwise qualified as a Member of the Plan.

34. At his request, ELM deducted premiums for the Plan through September, 2019 while Mr. Werkmeister was working under 30 hours per week.

35. Mr. Werkmeister stopped working in September, 2019, yet he was still employed at ELM.

36. ELM paid his death benefit premiums through November, 2019.

37. Mr. Werkmeister passed away on November 29th, 2019.

38. Even though ELM paid his death benefit premiums for approximately 2 months, ELM made no representations as to whether Mr. Werkmeister qualified for death benefits under the Plan.

39. ELM has no control over the Plan and its decisions as to an employee's qualification for benefits.

40. When Mr. Werkmeister passed away, ELM filled out all the forms and submitted everything required to The Standard.

41. ELM was never consulted as to Mr. Werkmeister's death benefits in advance of the written notice of denial of benefits from The Standard.

## FIRST CAUSE OF ACTION
### (Declaratory Relief Pursuant to Fed.R.Civ.P. 57 and 28 USC § 2201)

42. ELM and One Call Locators repeat, reallege and incorporate by reference each and every allegation.

43. Defendant Courchene has asserted in an August 11, 2022 letter from counsel that ELM owes her in excess of $100,000 as a death benefit pursuant to the Plan. ("Counsel's Letter," Exhibit C, hereto).

44. Defendant Courchene has threatened litigation to recover monies and included in her threat a claim for punitive damages, interest and attorneys' fees. See, Exhibit C.

45. Counsel's Letter included various exhibits including a Life Insurance Benefits, Proof of Death of Claim form, and various emails with ELM and a Complaint.

46. Defendant Courchene's Complaint has three causes of action, namely: 1. ENFORCEMENT UNDER ERISA §502(a)(l)(B), 29 U.S.C. § 1132(a)(l)(B) FOR FAILURE TO PAY ERISA PLAN BENEFITS; 2. FAILURE TO PROVIDE PRODUCTION OF DOCUMENTS UNDER 29 U.S.C. §§ 1021, 1022, 1024(b), 1104, AND 1132(2), AND FOR STATUTORY PENALTIES UNDER 29 U.S.C. §1132(c)(l); and, 3. ENFORCEMENT UNDER ERISA § 502(a) (codified at 29 U.S.C. § 1132(a)) FOR BREACH OF FIDUCIARY DUTY.

47. Defendant Courchene's Complaint further asserts that Plaintiffs breached the Plan under ERISA§ 502(a), 29 U.S.C. 1132(a), which Defendant Courchene asserts requires a plan to provide a full and fair appeal review and that a full and fair appeal review was not afforded to her.

48. ELM and One Call Locators each assert that they own no monies to Defendant Courchene and that they are not in violation of any of the cited ERISA provisions.

49. Even though ELM paid his death benefit premiums for approximately 2 months, ELM created no fiduciary duty as to Mr. Werkmeister or his beneficiary as to whether he qualified for death benefits under the Plan.

50. ELM did not create a factual situation on which there could be detrimental reliance by Mr. Werkmeister or his beneficiary as to whether he qualified for death benefits under the Plan.

51. ELM was never consulted as to Mr. Werkmeister's death benefits in advance of the written notice of denial of benefits from The Standard.

52. Pursuant to Fed.R.Civ.P. 57 and 28 USC §2201, ELM and One Call Locators requests that this Court declare the rights of the parties under the Plan and issue an order determining the actual rights of the parties and that ELM has no duty to pay ERISA plan benefits to Defendant, that ELM has no fiduciary duty to Defendant, that there was no detrimental reliance by Mr. Werkmeister on ELM, and that ELM owes not duty as to the production of documents to Defendant.

## SECOND CAUSE OF ACTION
### (Breach Of Contract)

53. ELM and One Call Locators repeats, re-alleges, and incorporates by reference each and every previous allegation.

54. The Plan is the governing contract between the parties.

55. Courchene has sought performance of the Plan and payments of the death benefit by submitting and demanding payment of the death benefit under the Plan.

56. The Standard has breached the Plan by not paying a death benefit to Defendant, Courchene.

57. The Standard has breached the Plan by charging Mr. Werkmeister monies under the Plan while not providing payment of the death benefit under the Plan.

58. As a direct and proximate result of The Standard's breach of the Plan, ELM and One Call Locators are entitled to damages in an amount to be proven at trial.

**WHEREFORE**, ELM and One Call Locators respectfully prays for judgment of this Court against the defendant as follows:

(a) Declaring the rights of the parties under the Standard Insurance Plan;

(b) Ordering that Plaintiffs have no duty under ERISA to Defendant;

(c) Ordering that Plaintiffs have no fiduciary duty to Defendant;

(d) Ordering that Plaintiffs owe no duty as to the production of documents to Defendant;

(e) Ordering that Defendant had no basis for her allegation of detrimental reliance on the part of Plaintiffs;

(f) Ordering that The Standard breached the contract set forth in the Plan by not paying a death benefit to Defendant as beneficiary of Mr. Werkmeister; and,

(g) Ordering other and further relief as the Court deems proper under the circumstances.

Dated: August 26s, 2022                               Respectfully submitted,

                                                      *s/ Sam Zabek*

*Counsel for ELM One Call locators, Inc. and,*
*One Call Locators, Ltd. d/b/a ELM Locating & Utility Services.*
Samuel B. Zabek
GRAVES LAW OFFICES
60 State Street, Suite 201
Peoria, Illinois 61602
Telephone: 309-673-8422
Facsimile: 309-673-8432
szabek@glo-pc.com