IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| ONE CALL LOCATORS, LTD. and ELM ONE CALL LOCATORS, INC. | )<br>)<br>) |
| *Plaintiffs* | ) Case No. 1:22-cv-01281-MMM-JEH<br>) |
| v. | ) Judge Michael M. Mihm<br>) |
| JEANETTE COURCHENE, An Individual, | ) Magistrate Judge Jonathan E. Hawley<br>) |
| *Defendant* | )<br>) |
| JEANETTE COURCHENE, | )<br>) |
| *Counter-Plaintiff/Third-Party Plaintiff* | )<br>) |
| v. | )<br>) |
| ONE CALL LOCATORS, LTD., ELM ONE CALL LOCATORS, INC., ELM UTILITY SERVICES, | )<br>)<br>) |
| *Counter-Defendants and* | )<br>) |
| STANDARD INSURANCE COMPANY, | )<br>) |
| *Third-Party Defendant* | ) |

**STANDARD INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS THIRD-PARTY PLAINTIFF'S COMPLAINT**

Third-Party Defendant, Standard Insurance Company ("Standard"), by its attorney, Jacqueline Herring of Hinshaw & Culbertson LLP, submits its Memorandum in Support of Motion to Dismiss Third-Party Plaintiff's Complaint.

**INTRODUCTION**

Third-Party Plaintiff Jeanette Courchene ("Courchene") seeks payment of life insurance benefits due to the death of her boyfriend Kevin Werkmeister ("Werkmeister") under an

employee welfare benefit plan (the "Plan") sponsored by Werkmeister's former employer, Plaintiff ELM Locating ("ELM"), and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq*. ("ERISA"). The Plan was funded by a group insurance policy ("Group Policy") issued by Standard Insurance Company ("Standard") to ELM as Policyholder.

Courchene asserts three claims in her Third-Party Complaint. Count I seeks payment of Plan benefits under ERISA, 29 U.S.C. §1132(a)(1)(B). Count II seeks per diem penalties under ERISA §1132(c)(1). Count III seeks payment of Plan benefits for "breach of fiduciary duty." Courchene fails to state any legally plausible claim against Standard.

First, Courchene fails to state any viable claim in Count I for payment of Plan benefits under §1132(a)(1)(B) because Werkmeister never obtained coverage under the Plan. To become insured, an individual was required to be an active employee of ELM, regularly working at least 30 hours each week, and to complete a 60-day Eligibility Waiting Period. Werkmeister never satisfied these criteria before his death. Under the plain terms of the Plan, Werkmeister had no Plan coverage at the time of his death and no benefits are payable.

Second, Standard is not a proper party to Courchene's claim in Count II for per diem penalties for failure to provide plan documents. Liability for statutory penalties under ERISA §1132(c)(1) is limited to the ERISA Plan Administrator, in this case ELM. Standard is the Plan's insurer and not the Plan Administrator. Standard has no liability for per diem penalties as a matter of law.

Third, Courchene's "breach of fiduciary duty" claim in Count III improperly duplicates her claim for payment of benefits under §1132(a)(1)(B). Courchene premises Count III on Standard's alleged failure to provide a "full and fair appeal review." However, assertions of

failure to provide a full and fair review are encompassed within and remedied under ERISA claims for benefits under §1132(a)(1)(B). There is no distinct cause of action or separate remedy for alleged breaches of fiduciary duties arising from a denial of benefits. Because Congress provided remedies under §1132(a)(1)(B) for a denial of benefits, Courchene cannot repackage a denial of benefits claim as a request for relief for breach of fiduciary duty.

Courchene fails to state any cognizable claim against Standard, warranting dismissal of her Third-Party Complaint against Standard, with prejudice.

## LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. To survive a motion to dismiss, the allegations of the complaint must establish a plausible right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When a complaint fails to state a legally plausible claim, "this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotations and citations omitted).

In deciding a motion to dismiss, the court considers the "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). ERISA plan documents may be considered in deciding a motion to dismiss. *Hecker v. Deere & Co.*, 556 F.3d 575, 582-83 (7th Cir. 2009). In addition, "[i]n considering a motion to dismiss under Rule 12(b)(6), district courts are free to consider any facts set forth in the complaint that undermine the plaintiff's claim," which "includes exhibits attached to the complaint." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th

Cir. 2013) (internal quotation marks and citations omitted). *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

The Plan was attached to ELM's Amended Complaint as Exhibit A. (Doc. 4-1). Courchene incorporated the Plan into her Third-Party Complaint as an Exhibit, stating that "the Plan is attached to the Complaint as Exhibit A and is adopted as if fully set forth and attached hereto as Exhibit A." (Third-Party Complaint ("TPC") ¶ 22). Courchene further admitted to the documents in Exhibit B to ELM's Amended Complaint, which includes Werkmeister's weekly Employee Time Detail Wage from ELM, with Werkmeister's weekly hours for the time period from January 1, 2019 to September 11, 2019, when Werkmeister ceased working for ELM. (Doc. 7, Courchene Ans. pg. 8, ¶ 43; TPC ¶ 36; Doc. 4-2, Time Detail, Pages 8-10).

## ARGUMENT

### I. Courchene Has No Plausible Claim for Payment of Plan Benefits Under ERISA §1132(a)(1)(B).

In Count I, Courchene asserts a claim against Standard for payment of Plan benefits under ERISA, 29 U.S.C. §1132(a)(1)(B). (TPC ¶¶ 27-39). Section 1132(a)(1)(B) allows a beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." A claim for plan benefits under §1132(a)(1)(B) thus "stands or falls by the terms of the plan." *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300 (2009) (quotation marks omitted); *see also Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 108 (2013) ("That statutory language speaks of *enforcing* the terms of the plan, not of *changing* them.") (quotation and brackets omitted).

The Plan's provision for Becoming Insured requires that "To become insured for Life Insurance you must: (a) Be a Member; (b) Complete your Eligibility Waiting Period; and (c)

Meet the requirements in Life Insurance and Active Work Provisions." (Doc. 4-1, Plan, Page 7). The Plan's Definition of Member provides that "You are a Member if you are: 1. An active employee of the Employer; and 2. Regularly working at least 30 hours each week." (Doc. 4-1, Plan, Page 7). "Eligibility Waiting Period means the period you must be a Member before you become eligible for insurance." (Doc. 4-1, Plan, Page 34). The Plan's Eligibility Waiting Period provides that an employee is eligible for coverage "on the first day of the calendar month coinciding with or next following 60 consecutive days as a Member," but "not before the Group Policy Effective Date." (Doc. 4-1, Plan, Pages 7-8).

The Group Policy's Effective Date is January 1, 2019. (Doc. 4-1, Plan, Pages 4, 7). Werkmeister died on November 26, 2019. (TPC ¶ 38). Werkmeister, at no time between the Effective Date of January 1, 2019, and his death on November 26, 2019, regularly worked at least 30 hours per week for 60 consecutive days as required by the Plan to become insured. (Doc. 4-2, Time Detail, Pages 8-10). During one week from April 8, 2019, to April 12, 2019, Werkmeister worked 35.5 hours. (Doc. 4-2, Time Detail, Page 9). The only other time period in which he worked at least 30 hours each week was a three-week period from April 22, 2019, to May 10, 2019. (Doc. 4-2, Time Detail, Page 9).

Werkmeister thus never satisfied the Plan's requirements to become insured. He failed to achieve "60 consecutive days as a Member" in which he was "[r]egularly working at least 30 hours each week." (Doc. 4-1, Plan, Pages 7-8). The Plan's Insuring Clause specifies that benefits are only payable "[i]f you die while insured for Life Insurance." (Doc. 4-1, Plan, Page 14). Applying the plain terms of the Plan, Werkmeister never obtained life insurance coverage under the Plan. Standard thus correctly denied Courchene's claim for payment of Plan benefits. (Doc. 7, Courchene Ans. pg. 6, ¶ 28).

5

Courchene, in her Third-Party Complaint, points to Plan provisions for when coverage ends and Plan provisions for criteria that may continue coverage when an employee stops working for ELM. (TPC ¶¶ 32-38). But Werkmeister never satisfied the Plan's initial eligibility criteria and never had coverage under the Plan. Coverage that does not exist cannot be continued and cannot end.

Under the plain terms of the Plan, Werkmeister never became eligible for life insurance coverage before his death and no benefits are payable to Courchene. The Supreme Court has emphasized the paramount importance of enforcing the terms of an ERISA plan as written. ERISA's entire statutory scheme "is built around reliance on the face of written plan documents." *U.S. Airways, Inc. v. McCutchen*, 569 U.S. 88, 100-101 (2013) (internal quotation omitted). "This focus on the written terms of the plan is the linchpin of a system that is not so complex that administrative costs, or litigation expenses, unduly discourage employers from offering ERISA plans in the first place." *Heimeshoff*, 571 U.S. at 108 (quotation marks omitted).

Standard must enforce the Plan according to its coverage terms. ERISA claims administrators are "obliged to act 'in accordance with the documents and instruments governing the plan…' and ERISA provides no exemption from this duty when it comes time to pay benefits." *Kennedy*, 555 U.S. at 300 (quoting 29 U.S.C. §1104(a)(1)(D)).

Under the terms of the Plan, Werkmeister never became eligible for life insurance coverage before his death. Werkmeister thus did not have Plan coverage at the time of his death and no Plan benefits were payable. Courchene has no legally plausible claim for payment of Plan benefits under ERISA §1132(a)(1)(B), warranting dismissal with prejudice of Count I of her Third-Party Complaint against Standard. *See Wildy v. Prudential Ins. Co. of Am.*, No. 18 C 8247, 2019 WL 4014251, at *2-3 (N.D. Ill. Aug. 26, 2019) ("The Plan required Plaintiff to fulfill

6

certain conditions to obtain [] life-insurance coverage. He did not do so, and his ERISA claim [] must therefore be dismissed."); *Struve v. Electrolux Home Products, Inc.*, No. 17-cv-8158, 2019 WL 918503, at *2 (N.D. Ill. Feb. 25, 2019) ("Dismissal for failure to state a claim under Rule 12(b)(6) is proper 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 558); *see also Powell v. Minnesota Life Ins. Co.*, 60 F.4th 1119, 1122 (8th Cir. 2023) (affirming dismissal of claim under §1132(a)(1)(B) where the insured had no coverage under the ERISA plan's terms).

## II. Courchene Has No Plausible Claim for Per Diem Penalties Against Standard Under ERISA §1132(c)(1).

In Count II, Courchene purports to assert a claim for statutory per diem penalties under ERISA §1132(c)(1) for failure to "produce plan documents as requested." (TPC ¶¶ 40-43). But Courchene has no legally viable claim against Standard under §1132(c)(1).

ERISA requires plan administrators to provide certain documents upon request. *Mondry v. Am. Fam. Mut. Ins. Co.*, 557 F.3d 781, 792-93 (7th Cir. 2009). ERISA defines the plan "administrator" as the "plan sponsor." And the "plan sponsor" is the "employer." 29 U.S.C. §§1002(16)(A) and (B). As specified by the Plan, ELM is the employer and thus the "plan administrator" as defined by ERISA. (Doc. 4-1, Plan, Page 7). Standard was the Plan's insurer and claims administrator, but is not the "plan administrator" as defined by ERISA.

Section 1132(c)(1) allows the court to impose statutory per diem penalties for a plan administrator's failure to respond to requests for plan documents. But ERISA insurers and claims administrators, like Standard, have no liability for per diem penalties under §1132(c)(1). "[L]iability under section 1132(c)(1) is confined to the plan administrator and [we] have rejected the contention that other parties, including claims administrators, can be held liable for the failure to supply participants with the plan documents they seek." *Mondry*, 557 F.3d at 794; *see*

7

*also DeBartolo v. Health & Welfare Dept. of Const. & Gen. Laborers' Dist. Council of Chicago & Vicinity*, No. 1:09-cv-0039, 2010 WL 3273922, at *10 (N.D. Ill. Aug. 17, 2010) ("The plan administrator is the proper party to sue for failing to provide plan documents.").

As a matter of law, Courchene has no plausible claim against Standard for per diem penalties under ERISA §1132(c)(1), warranting dismissal with prejudice of Count II against Standard. *See Hightshue v. AIG Life Ins. Co.*, 135 F.3d 1144, 1149 (7th Cir. 1998) ("[T]he plan administrator … is the proper party to sue for failing to provide an SPD" and a claims administrator "owed no fiduciary duty to provide the SPD" to the participant.); *Lerch v. Life Ins. Co. of N. Am.*, No. 18-cv-589-slc, 2019 WL 1998515, at *2 (W.D. Wis. May 3, 2019) (ERISA plan administrator and not the claims administrator is the "proper party to sue for failure to provide plan documents.").

**III.   Courchene has No Distinct Claim for Breach of Fiduciary Duty.**

In Count III of her Third-Party Complaint, Courchene purports to assert a claim for "breach of fiduciary duty." She alleges that Standard "was required to follow the plan documents and act in the best interest of plan participants," and "breached the Plan" and "breached [its] contractual obligations" by failing "to provide a full and fair appeal review." (TPC ¶¶ 46-49). She demands identical relief for the purported breach of fiduciary duty as she seeks for her claim for payment of benefits under ERISA §1132(a)(1)(B) in Count I. (TPC, pgs. 17, 19).

Count III impermissibly duplicates and is encompassed within Courchene's claim in Count I for payment of benefits under ERISA §1132(a)(1)(B). Fundamentally, §1132(a)(1)(B) provides contractual remedies for breaches of fiduciary duty arising from the denial of benefits. It is well established by the Supreme Court that Congress established §1132(a)(1)(B) as the *exclusive* remedy for ERISA beneficiaries whose claim for benefits has been denied. Section

1132(a)(1)(B) "specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims … that runs directly to the injured beneficiary." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996); *see also Nemitz v. Metro. Life Ins. Co.*, No. 12 C 8039, 2013 WL 3944292, at *3 (N.D. Ill. July 31, 2013) ("[C]ourts necessarily consider whether a fiduciary has maintained its obligations in determining whether a denial of benefits was proper.").

Claimants cannot assert duplicative claims for benefits under §1132(a)(1)(B) repackaged as claims for breach of fiduciary duty. "[A] denial-of-benefits claim may only be pursued under section 1132(a)(1)(B)." *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 482 (7th Cir. 2010) (citing *Varity Corp.*, 516 U.S. at 515; *Mondry*, 557 F.3d at 804-805). "Notwithstanding the obstacles to relief under section 1132(a)(1)(B), [a claimant] may not obtain comparable relief under the guise of a claim for breach of fiduciary duty." *Id*. at 483. "[A]dequate relief does not mean recovery, it means that an adequate remedy is available." *Nemitz*, 2013 WL 3944292, at *4. "When a plaintiff has a right to bring a claim under §1132(a)(1)(B), regardless of its merits, the plaintiff may not seek relief under §1132(a)(3)" for breach of fiduciary duty. *Aerocare Med. Transport System, Inc. v. Cigna Health Mgmt., Inc.*, No. 18 C 06437, 2020 WL 469301, at *4 (N.D. Ill. Jan. 29, 2020); *see also Jacobs, Jr. v. Guardian Life Ins. Co. of Am.*, 730 F. Supp. 2d 830, 845 (N.D. Ill. 2010) (ERISA claimant's "breach of fiduciary duty claim based on the arbitrary and capricious denial of benefits cannot stand.").

"Both the Seventh Circuit and the Supreme Court have cautioned against using an action for breach of fiduciary duty under ERISA to litigate ordinary benefit claims." *Pough v. SBC Comm., Inc.*, 570 F. Supp. 2d 1006, 1018 (N.D. Ill. 2008) (citing *Varity Corp.*, 516 U.S. at 514-515; *Herman v. Central States*, 423 F.3d 684, 695 (7th Cir. 2005)). A plaintiff who can assert a

claim for benefits under §1132(a)(1)(B) cannot seek remedies for the same alleged wrongful conduct re-labelled as a breach of fiduciary duty or for equitable relief under the rubric of §1132(a)(3).  "[W]e should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"  *Varity Corp.*, 516 U.S. at 515 (quotation marks omitted); *accord Sumpter v. Metro. Life Ins. Co.*, 683 F. App'x 519, 521 (7th Cir. 2017); *Mondry*, 557 F.3d at 805.

Courts consistently dismiss claims for breach of fiduciary duty where a legal remedy for an alleged denial of benefits is available under §1132(a)(1)(B).  Courchene cannot repackage her deficient claim for benefits under §1132(a)(1)(B) as a claim for relief for breach of fiduciary duty.  Courchene thus fails to state a cognizable claim for breach of fiduciary duty, warranting dismissal of Count III.  *See, e.g., Mohammed v. Prudential Ins. Co. of Am.*, No. 19 C 3258, 2020 WL 4569696, at *4-5 (N.D. Ill. Aug. 7, 2020) ("[D]ismissal is appropriate when it is plain from the plaintiff's complaint that his (a)(3) claim merely repackages his (a)(1)(B) claim.") (quotation marks and brackets omitted); *Aerocare*, 2020 WL 469301, at *4 (refusing to allow amendment where claimant's "putative claim for breach of fiduciary duty is premised on the same set of facts, namely the denial of benefits"); *Sexton v. Standard Ins. Co.*, No. 13 C 7761, 2014 WL 1745420, at *1 (N.D. Ill. Apr. 30, 2014) ("Numerous courts in this district agree that a plaintiff cannot pursue a claim under §502(a)(3) if a claim for benefits is available under §502(a)(1)(B).").

## CONCLUSION

Werkmeister never had life insurance coverage under the terms of the Plan.  Courchene, therefore, has no viable claim for payment of Plan benefits under ERISA §1132(a)(1)(B).

Standard, as the Plan's insurer and claims administrator, has no liability for statutory penalties under ERISA §1132(c)(1) as a matter of law.  And Courchene is legally barred from asserting her deficient claim for benefits as a claim for relief under the guise of a breach of fiduciary duty. Accordingly, Courchene fails to state any legally viable claim against Standard and her Third-Party Complaint against Standard should be dismissed with prejudice.

        Respectfully submitted,

Jacqueline J. Herring (IL-6282246)  
HINSHAW & CULBERTSON LLP  
151 North Franklin St. Suite 2500  
Chicago, Illinois 60606  
P  312.704.3975  | F  312.704.3001  
JHerring@hinshawlaw.com  

By: */s/ Jacqueline J. Herring*  
Attorney for Third-Party Defendant,  
Standard Insurance Company

## CERTIFICATE OF SERVICE

I certify that on September 11, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing on the following attorney:

Samuel B. Zabek
Graves Law Offices
60 State Street, Suite 201
Peoria, Illinois 61602
szabek@glo-pc.com

I further certify that a paper copy of the electronically filed document was served on the individual addressed below via U.S. Mail, postage pre-paid at 151 North Franklin St. Suite 2500, Chicago, Illinois.

Jeanette Courchene, *pro se*
438 8th Avenue West
Williston, North Dakota 58801

*/s/ Jacqueline J. Herring*
HINSHAW & CULBERTSON LLP
151 North Franklin St. Suite 2500
Chicago, Illinois 60606
P  312.704.3975  | F  312.704.3001
JHerring@hinshawlaw.com
Ill. Bar No. 6282246